**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JONATHAN D. COBB, Sr.;
WALTER ARLEN ST. CLAIR,

              Plaintiffs - Appellants,

  v.

ERNEST BREDE; et al.,

              Defendants - Appellees.

No. 12-15265

D.C. No. 3:10-cv-03907-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

Submitted April 16, 2013[***]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

    Jonathan D. Cobb, Sr., and Walter Arlen St. Clair appeal pro se from the

district court's judgment dismissing for lack of subject matter jurisdiction their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action alleging that defendants committed acts of conspiracy, fraud, "religious fraud," mail and wire fraud, defamation and collusion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005), and we affirm.

The district court properly dismissed the action because the complaint does not allege facts to support federal question or diversity jurisdiction. *See id.* ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (recognizing that, if the parties fail to raise the issue of subject matter jurisdiction, the court must raise it sua sponte); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, . . ., or otherwise completely devoid of merit as not to involve a federal controversy.'" (citation omitted)). Even if plaintiffs' complaint could be construed to contain a RICO claim, plaintiffs failed to allege any injury to a business or property interest. *See Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc) (per curiam) (to state a claim under RICO, the plaintiff must allege "harm to a specific business or property interest").

Because the district court did not reach the merits of the case due to its sua sponte dismissal for lack of subject matter jurisdiction, we do not consider plaintiffs' contentions concerning the need for additional discovery.

**AFFIRMED.**